UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DIRECTV, INC., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) 1:04-cv-0142-DFH-WTL |
| | ) |
| LEON ROBERTSON, | ) |
| | ) |
|     Defendant. | ) |

**REPORT AND RECOMMENDATION REGARDING DEFAULT JUDGMENT**

Before this Court is Plaintiff Directv's Motion for Default Judgment against Defendant Leon Robertson. A hearing was held on August 12, 2005. Defendant did not file any opposition to Plaintiff's Motion, nor did Defendant appear at the hearing. As Defendant has not consented to the jurisdiction of a United States Magistrate Judge, this Court will prepare the following Report and Recommendation Regarding Default Judgment for District Court Judge David F. Hamilton.

On January 28, 2004, Plaintiff filed this action against Defendant alleging violations of the Federal Communications Act of 1984, as amended, 47 U.S.C. § 605, as well as the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521. Plaintiff also alleged deception, fraud, conversion, and theft under Ind. Code § 35-43-5, *et seq.*[1] Plaintiff effected service of process against Defendant on February 14, 2004. After Defendant failed to respond to the Complaint, and upon Plaintiff's request, the Clerk of this Court entered her default under Federal Rule of Civil Procedure 55(a) on October 6, 2004. On April 20, 2005, District Court Judge David F. Hamilton designated this Court, pursuant to 28 U.S.C. § 636(b)(1)(B), to issue a Report and

---

[1] Plaintiff withdrew Count V of its Complaint at the August 12, 2005, hearing.

Recommendation regarding the proper disposition of this matter consistent with Federal Rule of Civil Procedure 55(b)(2). Subsequently, this Court set a damages hearing for August 12, 2005.

Pursuant to Rule 55(b)(2), a court may enter default judgment against a party when default has already been entered by the clerk. Fed. R. Civ. P. 55(b)(2). A court may not enter a default judgment against an unrepresented minor, an incompetent person, or a person in military service. *Id.*; 50 App. U.S.C. § 521. This Court has no reason to believe that the Defendant is a minor or otherwise incompetent. Further, Plaintiff filed its Affidavit of Non-Military Status on August 22, 2005. (See Docket No. 17.) By his default, Defendant is deemed to have admitted the well-pleaded averments of the Complaint except for those regarding the amount of damages. Fed. R. Civ. P. 8(d).

In its Complaint, Plaintiff alleges that it has "invested billions of dollars to develop a satellite system capable of transmitting various digitized video and audio signals to homes and businesses nationwide to be used for entertainment purposes." (See Compl. at pgs. 1-2.) According to Plaintiff, "Defendant knowingly, manufactured, assembled, or modified an electronic, mechanical or other device or equipment knowing, or having reason to know, that the device or equipment is used primarily in the assistance of the unauthorized decryption of Satellite Programming, or direct-to-home satellite services, or is intended for any other prohibited activity." (*Id.* at pg. 12.) Further, Plaintiff contends that "Defendant actively programmed and reprogrammed DIRECTV Access Cards and designed electronic systems for use in surreptitiously obtaining DIRECTV Satellite Programming." (*Id.*) In addition, Plaintiff contends that "by removing and inserting Pirate Access Devices and/or inserting illegally programmed Access Cards into valid DIRECTV Receivers, the Defendant engaged in the

unlawful assembly and/or modification of devices primarily of assistance in the unauthorized decryption of Satellite Programming." (*Id.*)  Such conduct, according to Plaintiff, violates 47 U.S.C. § 605(e)(4).

Having reviewed Plaintiff's Complaint, this Court finds that the allegations are, in fact, sufficiently well-pled to establish Defendant's liability under 47 U.S.C. § 605(e)(4).  Thus, the only issue that remains is the determination of damages.  Under 47 U.S.C. § 605(e)(3)(C)(i)(II), the party aggrieved may recover an award of statutory damages in a sum not less than $10,000 or more than $100,000 for each violation, as the court considers just.  See 47 U.S.C. § 605(e)(3)(C)(i)(II).

At the August 12, 2005, Hearing, Plaintiff's Counsel stated that Defendant purchased twelve (12) devices.  As such, Plaintiff requested that it be awarded an amount no less than $120,000.  As Defendant's liability under 47 U.S.C. § 605(e)(4) has already been established, this Court recommends awarding $120,000 in statutory damages.

Plaintiff also seeks $500 in attorneys' fees for time and costs expended on this case.  Attorneys' fees and costs are recoverable under 47 U.S.C. § 605(e)(3)(B)(iii).  In support of its request, Plaintiff submitted an Affidavit of Attorneys' Fees on August 22, 2005.  (See Docket No. 16.)  The Court recognizes that this estimate is most likely less than the time and expense Plaintiff has actually incurred in this case.  Therefore, this Court recommends that Plaintiff recover a total of $500 in attorneys' fees, which are inclusive of costs incurred.

Finally, Plaintiff requests that Defendant be permanently enjoined from committing or assisting in the commission of any violation of 47 U.S.C. § 605.  For the reasons stated above, Defendant is deemed to have admitted to violating 47 U.S.C. § 605.  Consequently, Defendant is

permanently enjoined from further violation of 47 U.S.C. § 605. *See DIRECTV, Inc. v. Neznak*, 371 F. Supp. 2d 130, 134 n.4 (D. Conn. 2005); *DIRECTV, Inc. v. Kaas*, 294 F. Supp. 2d 1044, 1047 (N.D. Iowa 2003).

    For the foregoing reasons, this Court recommends that judgment be entered in the amount of $120,500 against Defendant pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II) and 47 U.S.C. § 605(e)(3)(B)(iii) and that post judgment interest be awarded thereon, pursuant to 28 U.S.C. § 1961.

ENTERED this 8th day of March, 2006.

                                         */s/ William T. Lawrence*

                                         Hon. William T. Lawrence, Magistrate Judge
                                         United States District Court
                                         Southern District of Indiana

Distribution:

Michael A. Wilkins
ICE MILLER LLP
wilkins@icemiller.com

LEON ROBERTSON
6834 S. New Jersey St.
Indianapolis, IN 46227